## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MADELINE DIAZ,

    *Plaintiff*,

    v.

STATE OF CONNECTICUT DEPARTMENT OF
DEVELOPMENTAL SERVICES,

    *Defendants*.

No. 3:23-cv-00300-MPS

### RULING ON MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff Madeline Diaz, a resident of Naugatuck, Connecticut, brings this action alleging that her employer, defendant State of Connecticut Department of Developmental Services ("DDS"), discriminated against her on the basis of her disability in violation of (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and (2) the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(b)(1). DDS has moved to dismiss both counts under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because this Court lacks subject matter jurisdiction to review the Plaintiff's ADA challenge and because I decline to exercise supplemental jurisdiction over the Plaintiff's CFEPA claim, I GRANT the motion to dismiss without prejudice.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

The following facts, which I accept as true for purposes of this ruling, are drawn from the Complaint. ECF No. 1.

Plaintiff Madeline Diaz worked as a Head Nurse for DDS, an agency of the State of Connecticut, at its facility in Torrington, Connecticut. *Id.* ¶¶ 3, 10. Diaz suffers from chronic conditions of the legs, back, and neck that limit her ability to sleep, walk, stand, lift, bend, and

1

work. *Id.* ¶ 11. In September 2021, she was hospitalized and did not return to work until November 5, 2021. *Id.* ¶¶ 12–13. When Diaz returned to work, she requested an accommodation to limit the amount of standing she was required to do. *Id.* ¶ 13. Diaz's position as a Head Nurse did not require her to stand or walk extensively. *Id.* ¶ 14. On January 9, 2022, DDS partially denied Diaz's accommodation request and although DDS agreed to provide Diaz with an ergonomic chair, it did not do so for several months. *Id.* ¶¶ 15–17.

In January 2022, Diaz was out of work due to a medical procedure. *Id.* ¶ 18. On January 24, 2022, her physician released her to return to work with a restriction on lifting 25 pounds or more. *Id.* ¶ 19. Diaz rarely lifts more than 25 pounds in her position as Head Nurse, but DDS did not allow her to work with the lifting restriction. *Id.* ¶¶ 20–21. On February 2, 2022, Diaz's physician released her to return to work with a recommendation that she have a brief rest period every two hours. *Id.* ¶ 22. Diaz requested the recommended accommodation, but DDS sent her home and told her that it could not accommodate her. *Id.* ¶¶ 22–23. DDS also required Diaz to perform a "med pass" even though "med passes" were not an essential function of the Head Nurse position and Diaz could not perform one without violating her medical restrictions. *Id.* ¶ 24.

On February 28, 2022, Diaz filed a charge with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination. *Id.* ¶ 7. On January 20, 2023, the CHRO granted Diaz a Release of Jurisdiction under Connecticut General Statutes Section § 46a-101. *Id.* ¶ 8. On January 31, 2023, the EEOC granted Diaz a Right to Sue letter. *Id.* ¶ 9.

Diaz asserts two claims. In Count One, she alleges that DDS discriminated against her on the basis of her disability in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, by failing to accommodate her or otherwise engage in the interactive process to identify reasonable

accommodations so that Diaz might continue to perform the essential functions of the Head Nurse position. *Id.* ¶¶ 25–27. In Count Two, Diaz alleges that DDS's conduct also violated CFEPA, Conn. Gen. Stat. § 46a-60(b)(1). *Id.* ¶¶ 25, 26, 30. In her prayer for relief, she requests compensatory damages, punitive damages, attorneys' fees, costs, and interest. *Id.* at p. 6 (Prayer for Relief).

On May 12, 2023, DDS filed the pending motion to dismiss, arguing that I should dismiss the complaint because the Eleventh Amendment bars Diaz's ADA and CFEPA claims against state agencies. ECF No. 13. On June 2, 2023, Diaz filed a response conceding that the Eleventh Amendment bars her ADA claim but arguing that the Court should decline to exercise supplemental jurisdiction over her CFEPA claim. ECF No. 18.

## III.   LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In adjudicating a motion to dismiss under Rule 12(b)(1) on the pleadings, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor" except for "argumentative inferences favorable to the party asserting jurisdiction." *Buday v. New York Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012). Because I find that the complaint should be dismissed under Rule 12(b)(1), I do not address the Rule 12(b)(6) standard.

## IV.   DISCUSSION

### A.    Count One: ADA Claim

In Diaz's first cause of action under the ADA, she claims that her employer, DDS, discriminated against her on the basis of her disability. Both parties agree that Count One should be dismissed "[s]ince the State is not subject to suit in federal court under the ADA." ECF No. 13-1 at 5; ECF No. 18 at 4. I concur and conclude that this Court lacks subject matter jurisdiction to adjudicate Count One because the Eleventh Amendment bars Diaz's ADA claim against DDS.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment to mean that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). "The Eleventh Amendment bars suits against state agencies unless the state waives its sovereign immunity or it is validly abrogated by Congress." *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014).

Title I of the ADA applies to employment discrimination claims. *See Mary Jo C. v. New York State & Loc. Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013) ("[W]e conclude that the [ADA] unambiguously limits employment discrimination claims to Title I."). By now, "[i]t is well settled that states retain their sovereign immunity against discrimination claims brought under Title I of the ADA." *Quadir*, 39 F. Supp. 3d at 536. Congress has not abrogated Eleventh Amendment immunity to subject the states to suit under Title I of the ADA, *Bd. of Trustees of Univ. of Alabama*, 531 U.S. at 374, and there is no evidence that the State of Connecticut has waived the protections of the Eleventh Amendmemt in suits brought by private individuals under Title I of the ADA.

Because I find, and both parties agree, that the Eleventh Amendment bars Diaz from bringing a claim for monetary damages against DDS, a state agency, under Title I of the ADA, I

conclude that this Court lacks subject matter jurisdiction to adjudicate the claim under Fed. R. Civ. P. 12(b)(1) and dismiss Count One.

### B.    Count Two: CFEPA Claim

DDS argues that I should dismiss Diaz's CFEPA claim because the Eleventh Amendment also bars private individuals from bringing CFEPA claims against state agencies in federal court. ECF No. 13 at 6, 7. But before I consider that issue, I address whether I should retain supplemental jurisdiction to review the state law claim since I have dismissed Diaz's ADA claim, the only claim over which this Court has original jurisdiction. 28 U.S.C. § 1367 governs supplemental jurisdiction. It provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Under § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" under several circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

"When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims." *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988); *Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 250 (D. Conn. 2014) ("it is generally held that when all federal claims are dismissed, district courts should decline to exercise jurisdiction over state law claims."); *see also Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 461 (E.D.N.Y. 2015) ("In light of the dismissal of all federal claims early in this action, and upon consideration of all relevant factors, namely judicial economy, convenience, fairness and comity, insofar as the complaint may be deemed to state any

cognizable claims under state law, the Court declines to exercise supplemental jurisdiction over such claims.").

This case is in the early stages of litigation. DDS has not filed an answer to Diaz's complaint, the parties have not begun discovery, and neither this Court, nor the parties, have expended significant resources. Thus, I decline to exercise supplemental jurisdiction over Diaz's CFEPA claim and dismiss Count Two without prejudice.

## V.  CONCLUSION

For the reasons above, I grant the motion to dismiss (ECF No. 13).

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
October 4, 2023